UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRONCO MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>FRANK VANIHEL et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-00304-JPH-MJD |

**ORDER SCREENING COMPLAINT**
**AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Bronco Morgan is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). On April 28, 2026, Mr. Morgan filed this civil action under 42 U.S.C. § 1983, alleging that the Defendants violated his constitutional rights by subjecting him to unconstitutional conditions of confinement that also kept him from practicing his religion. Dkt. 1. Because Mr. Morgan is a "prisoner," the Court must screen his complaint before the case may proceed. 28 U.S.C. § 1915A(a), (c).

Mr. Morgan's motion for case status, dkt. [12], is **granted** to the extent that the Court issues this screening order.

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

**II. The Complaint**

Mr. Morgan's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Mr. Morgan seeks monetary damages against the following Defendants: (1) Warden Frank Vanihel; (2) Ofc. Rogers; (3) Ofc. Bagsley; (4) Ofc. Adams; (5) Ofc. Bartise; (6) Caseworker A. Moseley; (7) Sgt. Simmerman; (8) Sgt. Paddgett; (9) Lt. Leffler; (10) Ofc. Crane; (11) Ofc. Wolfe; (12) Ofc. Wescott; (13) Ofc. Fleetwood; (14) Ofc. Stockwell; (15) Ofc. Fields; (16) Ofc. Morehead; (17) Sgt. Deangelo; (18) Sgt. Macwellind; (19) Sgt. Fagg; (20) Sgt. Mejean; (21) Sgt. Ivy; (22) Maintenance Worker Marley; (23) Maintenance Worker Payne; (24) Maintenance Worker Vansen; and (25) Ofc. Lowell.

Mr. Morgan is a Muslim who must perform five daily prayers. *Id.* at 6. Before praying, Muslims must perform Wudu, which involves washing the

hands, mouth, nostrils, face, head, and feet and then putting on clean clothes. *Id.*

On October 1, 2024, Mr. Morgan began preparing for one of the daily prayers when he noticed that his sink did not work. *Id.* at 7. He told Ofc. Rogers, who replied "that sounds like a personal problem." *Id.* Throughout the night, Ofc. Rogers refused to place Mr. Morgan in a cell with running water or bring him drinking water. *Id.* at 7–8.

The next day, Mr. Morgan told Ofc. Bagsley about the lack of water in his cell and his inability to pray. *Id.* at 9. Ofc. Bagsley told Mr. Morgan that he would notify the sergeant and Lt. Leffler. *Id.* Ofc. Bagsley did not bring Mr. Morgan any water even after he asked throughout the day. *Id.* That day, Mr. Morgan also asked Ofc. Adams, who similarly stated that he would notify his superiors. *Id.* at 10. When Mr. Morgan asked for drinking water, Ofc. Adams said that he would try, but said that he was too busy. *Id.* Mr. Morgan also notified Ofc. Bartise that he had been without running water for two days. *Id.* Ofc. Bartise assured him that he could hold out for a bit longer without water. *Id.*

On October 3, Mr. Morgan showed Ms. Moseley that the water in his cell was not working and told her that he needed the water to pray. *Id.* at 11. She chastised Mr. Morgan and refused to do anything about the water. *Id.* Later, Sgt. Simmerman promised to bring Mr. Morgan some water, but Mr. Morgan did not see him for the rest of the day. *Id.* at 12. Ofc. Lowell also acknowledged the issue with Mr. Morgan's water but refused to bring water or fix the issue. *Id.* at 13.

Over the next few days, Mr. Morgan also asked Ofc. Crane, Ofc. Wolfe, Sgt. Padgett, Lt. Leffler, Ofc. Wescott, Ofc. Shepard, and Ofc. Abbott to do something about the lack of water or to bring him water so that he could drink and pray, but they refused. *Id.* The officers stated that it was a "maintenance issue," that they did not care, and that "water is a privilege." *Id.*

On October 6, Ofc. Fig and an inmate worker fixed the water for a few moments but were unable to permanently fix the sink. *Id.* at 14. The inmate worker stated that the maintenance workers would have to fix the sink. However, they never showed up. *Id.* at 15.

Despite being made aware of Mr. Morgan's lack of running water, Ofc. Fleetwood, Ofc. Stockwell, Ofc. Fields, Ofc. Morehead, Ofc. Deangelo, Sgt. Macwellind, Sgt. Fagg, Sgt. Mejean, and Sgt. Ivy did not provide Mr. Morgan with water. *Id.* at 15–16. Finally, on October 11, Mr. Morgan was transferred to another prison facility. *Id.* at 16.

As a result of the broken sink, Mr. Morgan was unable to pray for 10 days. He also suffered from dehydration, anxiety, and depression.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, Mr. Morgan's official-capacity claims are **dismissed** because he does not seek injunctive relief. *See Knowlton v. City of Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024) ("In an individual capacity suit, a plaintiff may only seek

monetary damages; in an official capacity suit, a plaintiff may only seek injunctive or declaratory relief.").

Second, the Court **dismisses** any claims against Warden Vanihel, Ofc. Fleetwood, Ofc. Stockwell, Ofc. Fields, Ofc. Morehead, Ofc. Deangelo, Sgt. Macwellind, Sgt. Fagg, Sgt. Mejean, Sgt. Ivy, Maintenance Worker Marley, Maintenance Worker Payne, and Maintenance Worker Vansen. To state a claim under § 1983, Mr. Morgan must show that each Defendant was personally involved in violating his constitutional rights. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Specifically, "[t]he plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* For a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry County*, Ill., 40 F.4th 824, 828 (7th Cir. 2022).

Here, there are no allegations that Warden Vanihel knew about the lack of water in Mr. Morgan's cell and then refused to fix it or turned a blind eye. Although Mr. Morgan speculates that the maintenance workers, Ofc. Fleetwood, Ofc. Stockwell, Ofc. Fields, Ofc. Morehead, Ofc. Deangelo, Sgt. Macwellind, Sgt. Fagg, Sgt. Mejean, Sgt. Ivy "were made aware" of the lack of water or received a work order related to his sink, there are no facts in the complaint supporting a reasonable inference that these Defendants actually knew about the cell conditions and disregarded them. Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203

(7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages . . . can't be right."). The Court therefore dismisses the claims against these Defendants.

Eighth and First Amendment claims against Ofc. Rogers, Ofc. Bagsley, Ofc. Adams, Ofc. Bartise, Caseworker A. Moseley, Sgt. Simmerman, Sgt. Paddgett, Lt. Leffler, Ofc. Crane, Ofc. Wolfe, Ofc. Wescott, and Ofc. Lowell **shall proceed** based on allegations that they refused to do anything to fix or alleviate the lack of running water in Mr. Morgan's cell from October 1 to October 11, 2024 which prevented him from praying and causing dehydration and other injuries.

This summary of claims includes all the viable claims identified by the Court. All other claims have been dismissed. If Mr. Morgan believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through September 8, 2026,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

Mr. Morgan's motion for case status, dkt. [12], is **granted** to the extent that the Court issues this screening order. The following claims are proceeding in this action: Eighth and First Amendment claims against Ofc. Rogers, Ofc. Bagsley, Sgt. Simmerman, Ofc. Adams, Ofc. Bartise, Caseworker A. Moseley, Sgt.

Paddgett, Lt. Leffler, Ofc. Crane, Ofc. Wolfe, Ofc. Wescott, and Ofc. Lowell. All other claims have been dismissed.

The **clerk is directed** to terminate Warden Vanihel, Ofc. Fleetwood, Ofc. Stockwell, Ofc. Fields, Ofc. Morehead, Ofc. Deangelo, Sgt. Macwellind, Sgt. Fagg, Sgt. Mejean, Sgt. Ivy, Maintenance Worker Marley, Maintenance Worker Payne, and Maintenance Worker Vansen as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 8/17/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRONCO MORGAN
209989
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Electronic service to Indiana Department of Correction:

Ofc. Rogers
Ofc. Bagsley
Ofc. Adams
Ofc. Bartise
Sgt. Simmerman
Caseworker A. Moseley
Sgt. Paddgett
Lt. Leffler
Ofc. Crane
Ofc. Wolfe
Ofc. Wescott
Ofc. Lowell
(All at Wabash Valley Correctional Facility)